UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

NAPOLEON SCOTT,

                      Petitioner,                      **ORDER ADOPTING REPORT**
      v.                                             **AND RECOMMENDATION**
                                                           11 CV 953 (PKC) (LB)

WILLIAM CONNOLLY, Superintendent of Fishkill
    Correctional Facility,

                      Respondent.

----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

### I.  INTRODUCTION

Petitioner Napoleon Scott ("Petitioner"), acting *pro se,* petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(d).  In the Report and Recommendation, issued October 7, 2013, Judge Bloom recommended that the Court (a) deny the petition for a writ of habeas corpus in its entirety; (b) decline to issue a certificate of appealability; and (c) certify that any appeal from the Court's judgment would not be taken in good faith.  *See* Report & Recommendation (Dkt. 16) at 28.  On November 21, 2013, Petitioner filed objections to Magistrate Bloom's Report and Recommendation.  *See* Objection to Report & Recommendation (Dkt. 18).

### II.  STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C). "General or conclusory objections, or objections which merely recite the same arguments

presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 08-CV-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citing *Farid v. Bouey,* 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); *Frankel v. N.Y.C.,* Nos. 06-CV-5450, 07-CV-3436, 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009)). "After reviewing the Report-Recommendation, the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.'" *O'Diah*, 2011 WL 933846, at *1 (quoting 28 U.S.C. § 636(b)(1)(C)).

### III. ANALYSIS

Although Petitioner filed objections to Judge Bloom's Report and Recommendation ("R&R"), his objections "recite the same arguments" presented in his habeas petition. *O'Diah*, 2011 WL 933846, at *1. The Court thus reviews the R&R for "clear error." *Id.*

The Court has reviewed Judge Bloom's exhaustively thorough and well-reasoned R&R, and finds that it is free of clear error. In addition, the R&R explicitly addresses the arguments again raised in Petitioner's objections. *See* Dkt. 16 at 8-10, 13-15 (weight and sufficiency of the evidence); 15-16 (failure to produce *Brady* material); 16-17 (juror misconduct); 19-20 (right to waive counsel); 24-26 (right to conflict-free counsel); and 20-24 (ineffective assistance of counsel).[1] The Court, therefore, adopts the R&R in its entirety.

---

[1] While the R&R does not specifically reference Petitioner's argument, made both in his objections and habeas petition, that the trial judge focused on the wrong jurors when investigating Petitioner's claim about two jurors sleeping during the trial, the R&R points out that the trial judge had "made eye contact with all the jurors." (Dkt. 16 at 16-17; Dkt. 14-4 at 527). This fact undermines Petitioner's claim that, by "referring to 'two other jurors'" than the ones complained about, the trial judge failed to detect the jurors that were allegedly asleep during the trial. Dkt. 18 at 4. This fact, in itself, is sufficient to defeat Petitioner's claim on federal habeas review. *See* Dkt. 17 at 17 (citing cases affirming trial court's "broad discretion" to determine the scope of an investigation into alleged juror misconduct); *accord Williams v. Taylor*, 529 U.S. 362, 413 (2000) (O'Connor, J.) (state court decision is an unreasonable

Accordingly, the habeas petition is dismissed. Because Petitioner has not made a "substantial showing of the denial of a constitutional right," no certificate of appealability will be issued. 28 U.S.C. § 2253; *see Slack v. McDaniel*, 529 U.S. 473, 480-82 (2000) (Kennedy, J.). The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. U.S.*, 369 U.S. 438, 444-45 (1962) (Warren, C.J.).

        SO ORDERED:

        /s/
        PAMELA K. CHEN
        United States District Judge

Dated: January 30, 2014
      Brooklyn, New York

---

application of clearly established federal law "if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case"); *Grayton v. Ercole*, 691 F.3d 165, 174 (2d Cir. 2012) ("[T]he writ may only issue where the state court's application of the law was not only wrong, but unreasonable.").